STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE FUNDING, LLC, a Wisconsin limited liability company; and JEFFREY MAKINEN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0706<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Enterprise Funding, LLC ("Enterprise") and Jeffrey Makinen ("Mr. Makinen"; collectively with Enterprise known herein as the "Defendants"), on information and belief:

**NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Enterprise is, and has been at all times relevant to this lawsuit, a limited-liability company with its principal place of business in Wisconsin.

5. Enterprise is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <statfox.com> (the "Domain").

6. Mr. Makinen is, and has been at all times relevant to this lawsuit, in administrative control of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

7. Mr. Makinen is "[i]nvolved in all aspects of the business operation including technology, sales, budgeting, and customer support" of the Website, as evidenced by a printout of Mr. Makinen's LinkedIn webpage, attached hereto as Exhibit 1.

## JURISDICTION

8. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

9. The Defendants purposefully direct activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

10. Righthaven is the copyright owner of the literary work entitled "Super Bowl bettors put faith, cash in Colts' corner" (the "Work"), attached hereto as Exhibit 2.

11. Enterprise copied, on an unauthorized basis, the Work from a source emanating from Nevada.

12. On or about February 1, 2010, Enterprise displayed and continues to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

13. Enterprise's display of the Infringement was and is purposefully directed at Nevada residents.

14. Mr. Makinen copied, on an unauthorized basis, the Work from a source emanating from Nevada.

15. On or about February 1, 2010, Mr. Makinen displayed and continues to display the Infringement on the Website.

16. Mr. Makinen's display of the Infringement was and is purposefully directed at Nevada residents.

17. Enterprise copied, on an unauthorized basis, the literary work entitled "Underdog bettors profit as Manning takes fall," attached hereto as Exhibit 4 (the "Underdog Bettors Article"), from a source emanating from Nevada.

18. On or about February 8, 2010, Enterprise displayed and continues to display the Underdog Bettors Article on the Website.

19. Enterprise's display of the Underdog Bettors Article was and is purposefully directed at Nevada residents.

20. Mr. Makinen copied, on an unauthorized basis, the Underdog Bettors Article from a source emanating from Nevada.

21. On or about February 8, 2010, Mr. Makinen displayed and continues to display the Underdog Bettors Article on the Website.

22. Mr. Makinen's display of the Underdog Bettors Article was and is purposefully directed at Nevada residents.

23. The Defendants purposefully direct and effectuate the unauthorized reproduction of Righthaven-owned copyrighted works on the Website.

24. The Defendants' unauthorized reproduction of Righthaven-owned copyrighted works found on the Website is purposefully targeted to Nevada residents.

25. The Defendants' contacts with Nevada are systematic and continuous because the Defendants published and publish, on the Website, content emanating from Nevada, originally published in Nevada daily newspapers.

26. The Defendants' contacts with Nevada are systematic and continuous because the metadata and search tags in the HTML source code for the Website contains "handicapping," "betting," and "wagering," which are concepts commonly associated with Las Vegas, Nevada.

27. The Defendants' contacts with Nevada are systematic and continuous because employees of the Website are regular participants in an annual wagering competition hosted by Las Vegas, Nevada-based resorts and broadcast via the Internet.

## VENUE

28. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

29. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because Enterprise is subject to personal jurisdiction in Nevada.

## FACTS

30. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

31. Righthaven is the copyright owner of the Work.

32. The Work was originally published on February 1, 2010.

33. On April 26, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138064 (the "Registration") and attached hereto as Exhibit 5 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

34. Enterprise is identified as the registrant for the Domain according to a Whois search through the current registrar, Network Solutions, LLC ("Network Solutions").

35. Enterprise is, and at all relevant times has been, the owner of the Domain.

36. Mr. Makinen is identified, via the content on the Website, as the President of StatFox.

37. Mr. Makinen is the self-proclaimed "President and Founder" of the Website.

38. Mr. Makinen declares, via Mr. Makinen's LinkedIn webpage, that Mr. Makinen is "involved in all aspects of the business operation including technology, sales, budgeting, and customer support" for the Website.

39. Neither statfox.com nor StatFox is a known, formally organized business entity.

40. Attempts to find evidence of formal organization status in the respective Secretary of State offices of Nevada, Delaware, Texas, and Wisconsin demonstrate that, at least with respect to these states, statfox.com and StatFox are not formally organized business entities.

41. At all times relevant to this lawsuit, Mr. Makinen has controlled and controls the trade name StatFox.

42. At all times relevant to this lawsuit, Mr. Makinen has maintained and maintains the administrative duties to add to, delete from, and arrange the content on the Website.

43. No later than February 1, 2010, the Defendants reproduced an unauthorized copy of the Work on the Website.

44. The Infringement includes the erroneous declaration that the Work was authored by "Staff Writer - StatFox."

45. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

46. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

47. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 46 above.

48. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

49. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

50. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

51. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

52. The Defendants, via the Website, reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

53. The Defendants, via the Website, created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

54. The Defendants, via the Website, distributed and continue to distribute an unauthorized reproduction of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

55. The Defendants publicly displayed and continue to display an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

56. Enterprise has willfully engaged in the copyright infringement of the Work.

57. Mr. Makinen has willfully engaged in the copyright infringement of the Work.

58. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

59. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Network Solutions and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourteenth day of May, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        STEVEN A. GIBSON, ESQ.
        Nevada Bar No. 6656
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff